IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH SAMSON RIVERS,

      Plaintiff,

vs.                                                                          Civ. No. 16-555 KG/WPL

EMILY YOUNGER
and
KRQE-TV NEWS 13,

      Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

      This matter comes before the Court upon Defendants' Motion to Set Aside Entry of

Judgment (Motion to Set Aside),[1] filed November 15, 2016.  (Doc. 17).  *Pro se* Plaintiff

responded to the Motion to Set Aside by filing (1) a Motion to Strike the Defendants [sic]

Motion to Set Aside Default (Motion to Strike Motion to Set Aside) on November 22, 2016, (2)

Plaintiffs [sic] Motion for a Default Judgment (Motion for Default Judgment) on November 22,

2016, and (3) a Motion to Strike the Defendants [sic] Four Month Late Response to the Plaintiffs

[sic] Pleading (Motion to Strike Answer) on December 8, 2016.  (Docs. 25, 26, and 20).  On

December 23, 2016, Defendants replied to the Motion to Strike Answer arguing that the Court

should deny that motion and impose a sanction of an award of attorney's fees against Plaintiff for

filing a frivolous motion.  (Doc. 24).

*A.  Background*

      Plaintiff filed this federal lawsuit on June 10, 2016.  (Doc. 1).  Plaintiff is suing Emily

Younger, a news anchor at KRQE-TV News 13, and KRQE-TV News 13 for libel and slander

---

[1] Because only defaults, not default judgments, have been entered in this case, the Court
construes the Motion to Set Aside as a request to set aside the defaults.

and for depriving him of his Sixth Amendment right to counsel in a Drug Enforcement

Administration asset forfeiture case.  These claims are based on a news story Defendant Younger

broadcast which allegedly represented that Plaintiff was jailed on drug charges three days prior

to the broadcast.  Plaintiff contends that this representation was untruthful.

Also, on June 10, 2016, summonses were issued for Defendants and Plaintiff mailed by

priority express mail copies of the summons and complaint to Defendants at Defendant KRQE-

TV News 13's address.  The copies of the summons and complaint were delivered to the

Defendant KRQE-TV News 13 address on June 24, 2016.  (Doc. 25) at 11 and 13.  Plaintiff then

filed proofs of service on June 27, 2016.  (Docs. 6 and 7).  According to the purported service

date, Defendants had until July 14, 2016, to answer the complaint.  *Id.*

When Defendants did not answer the complaint by July 14, 2016, Plaintiff filed a Request

for Clerk's Entry of Default Judgment on October 11, 2016.  (Doc. 11).  Defendants' attorney,

Martin Esquivel, subsequently spoke with Plaintiff on November 8, 2016, to explain that

Plaintiff's service of process did not comply with court rules.  (Doc. 24) at 10, ¶ 3.  According to

Esquivel, Plaintiff agreed that it would be "okay" for Esquivel to ask Defendants if Esquivel

could accept service of process on their behalf.  *Id.*  Two days later, Esquivel emailed Plaintiff

stating that Defendants authorized him to accept service on their behalf.  *Id.* at 9.  In addition,

Esquivel stated that he would file a response to the complaint within 20 days.  *Id.*  Consequently,

on November 11, 2016, Defendants filed a Notice of Acceptance of Service which noted

acceptance of service on November 8, 2016, and a deadline of November 28, 2016, to file an

answer to the complaint.  (Doc. 14).

Despite the apparent agreement and the Notice of Acceptance of Service, the Clerk

entered defaults on November 15, 2016.  (Docs. 15 and 16).  That same day, Esquivel notified

Plaintiff via email that per their agreement he filed a Notice of Acceptance of Service on

November 11, 2016.  (Doc. 24) at 12.  Esquivel also noted that he called the Clerk regarding the

entry of defaults to explain that the parties had an agreement regarding the service of process.

*Id.*  Esquivel further indicated that he needed to file a motion to set aside the entry of defaults

based the parties' agreement.  *Id.*  Finally, Esquivel informed Plaintiff that he would send

Plaintiff a copy of the motion to set aside the entry of defaults so Plaintiff can either concur with

the motion or oppose it.  *Id.*  Not having received a response from Plaintiff, Defendants filed the

Motion to Set Aside late in the afternoon of November 15, 2016.  (Doc. 17).

Plaintiff later responded to Esquivel's November 15, 2016, email on November 21, 2016,

stating that they never had an agreement.  (Doc. 24) at 12.  The next day, Plaintiff filed his

Motion to Strike Motion to Set Aside and the Motion for Default Judgment.  (Docs. 25 and 26).

Defendants, in fact, filed an answer on November 28, 2016, as they said they would in

the Notice of Acceptance of Service.  (Doc. 18).  Plaintiff then filed his Motion to Strike Answer

on December 8, 2016.  (Doc. 20).

On December 13, 2016, Esquivel wrote a letter to Plaintiff to give him an opportunity to

withdraw the Motion to Strike Motion to Set Aside, the Motion for Default Judgment, and the

Motion to Strike Answer.  (Doc. 24) at 7.  Esquivel explained in the letter that service on

Defendants was improper and that Defendants could have filed a motion to dismiss for improper

service, but chose instead to agree to accept service.  *Id.* at 7-8.  Esquivel also noted that Plaintiff

"reneged" on the acceptance of service agreement in his November 21, 2016, email.  *Id.* at 8.

Lastly, Esquivel stated that if Plaintiff does not withdraw the above motions by December 15,

2016, he will seek sanctions against Plaintiff in the form of an award of attorney's fees.  *Id.*

Plaintiff did not withdraw his motions, so Defendants filed their response to the Motion to Strike

Answer, which seeks an award of attorney's fees as a sanction against Plaintiff.

B.  *Discussion*

      1.  *Whether to Set Aside the Defaults*

      Under Fed. R. Civ. P. 55(c), a court may set aside an entry of default for good cause.  The

principal factors in determining whether a defendant has met the good cause standard include:

(1) whether the default was the result of culpable conduct of the defendant; (2) whether the

plaintiff would be prejudiced by setting aside the default; and (3) whether the defendant presents

a meritorious defense.  *Pinson v. Equifax Credit Info. Services, Inc.*, 316 F. App'x 744, 750 (10th

Cir. 2009) (setting forth factors for determining good cause under Rule 55(c)).  However, "even

where there is a meritorious defense and no prejudice to the adversary, '[w]illful failure alone

may constitute sufficient cause for the court to deny th[e] motion.'"  *Guttman v. Silverberg*, 167

F. App'x 1, 4 (10th Cir. 2005) (quoting *Dierschke v. O'Cheskey (In re Dierschke,* 975 F.2d 181,

184-5 (5th Cir.1992)).  Moreover, "[a] court need not consider all of the factors, and may

consider other factors as well."  *Id.*  "The defaulting party has the burden of proving that the

default … should be set aside."  *Nikwei v. Ross Sch. of Aviation, Inc.*, 822 F.2d 939, 941 (10th

Cir. 1987).

      The good cause required for setting aside an entry of default under Rule 55(c) "poses a

lesser standard for the defaulting party than the excusable neglect which must be shown for relief

from judgment under Fed. R. Civ. P. 60(b)."  *Dennis Garberg & Associates., Inc. v. Pack-Tech*

*Int'l Corp.*, 115 F.3d 767, 775 n.6 (10th Cir. 1997).  This lesser standard reflects the Court's

preference to dispose of cases on their merits and not through default.  *Gomes v. Williams*, 420

F.2d 1364, 1366 (10th Cir. 1970) ("The preferred disposition of any case is upon its merits and

not by default judgment.").  Finally, "[s]etting aside a default entry … is addressed to the sound

discretion of the trial court…." *Nikwei*, 822 F.2d at 941.

In this case, Defendants have presented evidence that the defaults were not the result of

culpable conduct by Defendants.  First, it appears that Plaintiff did not properly serve process on

Defendants by simply mailing copies of the summons and complaint to Defendant KRQE-TV

News 13's address.  *See* Fed. R. Civ. P. 4(e) (service of process on an individual) and 4(h)

(service of process on a corporation).  Second, notwithstanding possible issues with service of

process, Defendants were willing to have Esquivel accept service on their behalf instead of filing

a motion to dismiss based on improper service of process.  Third, pursuant to what Defendants

believed was an agreement with Plaintiff, Defendants filed a Notice of Acceptance of Service

and filed their answer within the time they thought had been agreed to.  For the foregoing

reasons, the culpability factor favors setting aside the defaults.

Next, Plaintiff has not shown how setting aside the defaults would prejudice him,

especially since Defendants filed the Motion to Set Aside the same day the Clerk entered the

defaults.  The prejudice factor, likewise, favors setting aside the defaults.

With respect to the meritorious defense factor, "Defendants contend the complaint fails to

identify a specific defamatory statement and is nothing short of a rambling recitation of

allegations based on a seizure of money by the Drug Enforcement Administration and a

subsequent forfeiture case brought by the United States Attorney's office for the District of New

Mexico."  (Doc. 17) at 2, ¶ 8.  While this contention might be the basis for a meritorious defense

under Fed. R. Civ. P. 12(b)(6), failure to state a claim upon which relief can be granted, the

Court is not prepared to so find absent the filing of a Rule 12(b)(6) motion to dismiss and an

opportunity for Plaintiff to respond.  Accordingly, this last factor neither favors nor disfavors

setting aside the defaults.

On balance, the above factors establish good cause for setting aside the defaults.  The

Court will, therefore, grant the Motion to Set Aside.  Having decided to set aside the defaults, the

Court will also deny the Motion for Default Judgment and the Motion to Strike Answer as now

moot.

*2.  Whether to Sanction Plaintiff*

Defendants move to sanction Plaintiff under 28 U.S.C. § 1927.  Section 1927 states:

> Any attorney or other person admitted to conduct cases in any court of the United States
> or any Territory thereof who so multiplies the proceedings in any case unreasonably and
> vexatiously may be required by the court to satisfy personally the excess costs, expenses,
> and attorneys' fees reasonably incurred because of such conduct.

Section 1927, however, does not apply to *pro se* litigants, like Plaintiff, and "is available against

only attorneys…."  *Steinert v. Winn Grp., Inc.*, 440 F.3d 1214, 1222 (10th Cir. 2006).

Defendants also seem to argue that an award of attorney's fees is warranted under the

Court's inherent power.  A court has inherent power to impose an award of attorney's fees as a

sanction "when a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive

reasons.'"  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) (quotations and internal

quotation marks omitted).  Thus, "if a court finds 'that fraud has been practiced upon it, or that

the very temple of justice has been defiled,' it may assess attorney's fees against the responsible

party, ... as it may when a party 'shows bad faith by delaying or disrupting the litigation or by

hampering enforcement of a court order.'"  *Id*. at 46 (quotations omitted).  The United States

Supreme Court, nonetheless, cautioned that "[b]ecause of their very potency, inherent powers

must be exercised with restraint and discretion." *Id*. at 44.  Accordingly, unlike "many of the

other mechanisms" for awarding attorney's fees, the Court's inherent power to impose an award

of attorney's fees as a sanction does not extend to conduct which merely fails to meet a

reasonableness requirement.  *Id*. at 47.

As the record stands, the Court cannot find that Plaintiff acted in bad faith, vexatiously,

wantonly, or for oppressive reasons by filing the Motion to Strike the Motion to Set Aside, the

Motion for Default Judgment, and the Motion to Strike Answer.  Although Defendants present

evidence that they understood that there was an agreement for Esquivel to accept service on

behalf of Defendants and to allow 20 days for Defendants to file an answer, it is unclear what

Plaintiff understood.  The only evidence Defendants present from Plaintiff is his November 21,

2016, email stating that they never entered into an agreement.  Assuming a misunderstanding,

such a misunderstanding might be unreasonable but it does not necessarily rise to the level of bad

faith, vexatiousness, wantoness, or oppressiveness on the part of Plaintiff.  If Plaintiff believed

that there was no agreement for Esquivel to accept service on behalf of Defendants and to file an

answer within 20 days, then it would have been reasonable for Plaintiff to file the Motion to

Strike the Motion to Set Aside, the Motion for Default Judgment, and the Motion to Strike

Answer.  Considering the potency of an award of attorney's fees as a sanction and the particular

situation in this case which may not rise above the level of an unreasonable action, the Court

declines to exercise it inherent power to impose sanctions against Plaintiff at this time.  The

Court, therefore, denies Defendants' request for an award of attorney's fees.

IT IS ORDERED that

1.  Defendants' Motion to Set Aside Entry of Judgment (Doc. 17) is granted;

2.  the defaults entered by the Clerk on November 15, 2016, (Docs. 15 and 16), are set

aside;

3.  the Motion to Strike the Defendants [sic] Motion to Set Aside Default (Doc. 25) is

denied as moot;

4.  Plaintiffs [sic] Motion for a Default Judgment (Doc. 26) is denied as moot;

5.  the Motion to Strike the Defendants [sic] Four Month Late Response to the Plaintiffs

[sic] Pleading (Doc. 20) is denied as moot; and

6.  Defendants' request for an award of attorney's fees is denied.



UNITED STATES DISTRICT JUDGE