# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JOSEPH SAMON RIVERS,

    Plaintiff,

v.                                                                      16cv555 KG/WPL

EMILY YOUNGER and KRQE-TV NEWS 13,

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

Pro se Plaintiff Joseph Rivers filed a complaint alleging defamation stemming from a television broadcast during which Emily Younger, a reporter, discussed a civil forfeiture lawsuit pending against him. (*See* Doc. 1; *see also* Doc. 32 at 4.) After some motions practice, Defendants served Rivers with a Notice of Deposition Duces Tecum. (Doc. 44-1.) Rivers appeared for the deposition but refused to answer questions without an attorney. (Doc. 46-1 at 4 ("I object to answering any questions without an attorney present").) Defendants then filed an Amended Motion to Compel Plaintiff's Depositions and For Discovery Sanctions seeking "for Plaintiff to pay all attorney fees and costs associated with the deposition cancellation, including this motion . . . ." (Doc. 44.) Rivers did not respond to the motion. As this was unfolding, Rivers also failed to call in to a telephonic status conference intended to check on the progress of discovery. (Doc. 35 (order setting status conference); Doc. 47 (clerk's minutes noting that Rivers did not call in).)

I then entered two orders to show cause. The first was so that Rivers could explain why he failed to call in to the telephonic status conference. (Doc. 48.) The second was so that Rivers

could explain why he should not be required to pay Defendants' reasonable expenses, including attorney's fees, for bringing their motion to compel. (Doc. 49.) Both orders warned that failure to respond would result in a recommendation to Judge Gonzales that the case be dismissed with prejudice. (Doc. 48 at 1; Doc. 49 at 2.)

After Rivers failed to respond to both orders to show cause, I entered a third. (Doc. 50.) It required Rivers to appear in-person to address the two previous orders to show cause. (*Id.*) He did not appear. (Doc. 51.)

Federal Rule of Civil Procedure 41(b) states that "[i]f the plaintiff fails . . . to comply with . . . a court order, a defendant may move to dismiss the action or any claim against it." The Tenth Circuit has held that a district court may dismiss a case sua sponte pursuant to Rule 41(b). *Hawkinson v. Montoya*, 283 F. App'x 659, 662 n.2 (10th Cir. 2008) (unpublished) (citing *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007)). Before dismissing a case sua sponte, a court must consider several factors, including: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).

Reviewing the five factors in *Ehrenhaus* reveals that this case should be dismissed with prejudice. Under factor one, the Defendants are prejudiced because Rivers's inaction has prevented them from defending the case. Under factor two, Rivers's noncompliance has interfered with the judicial process because it prevents timely adjudication of the complaint and pending motion. Under factor three, Rivers is fully culpable for his noncompliance. Under factor four, Rivers had ample notice because I issued two orders to show cause alerting him that his

case would be dismissed with prejudice if he failed to respond. And under factor five, lesser sanctions would be ineffective because Rivers has not complied with the discovery process and has been non-responsive to court orders, which prevents the case from progressing forward.

For these reasons, I recommend the Court dismiss this case with prejudice.

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.